By the Court.—Freedman, J.
This action is brought on a policy of insurance, issued on merchandise under deck, shipped on board the bark David A. Preston. It is not a case for a reformation of the policy, nor a case on a contract broader than the policy, of which the policy constitutes only a part, but a case on the policy as it stands. The policy, therefore, represents the final contract between the parties, into which all prior negotiations between them have been merged, and hence parol testimony to change its meaning was properly excluded at the trial.
The policy was taken out by one S. K. Schwenk, “ on account of whom it may concern,” the loss, if any, to be paid to him or order. The complaint alleges that said Schwenk “was, at the time of the commencement of the risk and thereafter until the said loss, the legal owner and possessor of said insured merchandise, and that thereafter for value he duly assigned his interest in the said policy and to the claim and cause of action thereunder, herein set forth, to E. Lucien Eichie and to his assigns ; and that thereafter for value the said Eichie duly assigned the said assigned interest in said claim and cause of action to this plaintiff, who is now the legal and equitable holder and owner thereof. For that the said Schwenk and Eichie were, at the times hereinbefore mentioned, trustees of the plaintiff, and did what they did in and about the insurance and matters aforesaid, as such trustees, and for the benefit of the plaintiff and in furtherance of its business, and- for the purposes for which the plaintiff was incorporated.” These allegations were duly put in issue by the answer, and consequently the burden of proof was upon the plaintiff to establish an insurable interest. Without such proof, the policy was a mere wager. The point was *299 distinctly raised, among others, on the motion to dismiss the complaint. The plaintiff failed to make such proof. The most it did was to produce the assignments. They constituted a mere formal title on paper which amounted to nothing, unless Bchwenk had an insurable interest, of which no evidence whatever was given
The complaint was therefore properly dismissed. Under the circumstances, it is not necessary to notice any of the other grounds.
The judgment should be affirmed, with costs.
Sedgwick, Oh. J., concurred.